UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| VINCENT YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-02308-SLD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER

Before the Court is a Motion to Dismiss, ECF No. 5, Petitioner Vincent Young's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, by Respondent the United States of America. For the foregoing reasons, the motion is GRANTED.

In 1999, Young was sentenced to 327 months in prison after pleading guilty to possession with intent to distribute crack cocaine. *See United States v. Young*, No. 98-cr-20056, 2009 WL 484966 (C.D. Ill. 2009). The Seventh Circuit denied Young's appeal. *United States v. Young*, 202 F.3d 276 (7th Cir. 1999). In 2000, Young filed his first § 2255 motion, which was denied by the District Court. *Young v. United States*, No. 00-cv-2311 (C.D. Ill. Nov. 26, 2002). A certificate of appealability did not issue. *Id.* at ECF No. 19. He requested and was denied permission to file a successive § 2255 motion in 2003. *Young v. United States*, No. 03-2813 (7th Cir. July 28, 2003). He was again denied a certificate of appealability by the Seventh Circuit. *Young v. United States*, No. 05-2547 (7th Cir. July 11, 2005). Young attempted to "reinstate" his initial § 2255 motion, which was dismissed by the district court. Mot. Reinstate, No. 00-cv-2311, ECF No. 21. He again sought leave from the Seventh Circuit to file a successive

application for a § 2255 motion in 2014, *Young v. United States*, No. 14-3704 (7th Cir. Dec. 12, 2014), and then filed the instant § 2255 motion on December 15, 2014, prior to the Seventh Circuit ruling on his request. The request was denied by the Seventh Circuit on January 5, 2015. *See* Seventh Circuit Order Denying Appealability, ECF No. 6.

Successive habeas corpus applications are not permitted to be filed in district court until the applicant has "move[d] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, "the district court will lack jurisdiction unless the prisoner has first obtained [the Seventh Circuit's] permission to file it." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). Young filed his most recent § 2255 motion without the permission Seventh Circuit. Therefore, the Court does not have jurisdiction to consider the motion.

Petitioner's § 2255 motion is DISMISSED for lack of jurisdiction.

Entered May 9, 2017.

                                                            s/ Sara Darrow
                                                            SARA DARROW
                                         UNITED STATES DISTRICT JUDGE